UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05 11074 NG

| | |
|---|---|
| CAROL DIPIETRO, Plaintiff, | ) ) MAGISTRATE JUDGE _____ ) |
| v. | ) C.A. No. ) |
| PLYMOUTH COUNTY SHERIFF'S DEPARTMENT, Defendant. | ) ) ) ) ) ) |

RECEIPT #_____
AMOUNT $250
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK._____
DATE 5/23/05

## COMPLAINT AND JURY DEMAND

### PARTIES

1. The Plaintiff, Carol DiPietro, ("DiPietro") is a resident of Plymouth, Plymouth County, Commonwealth of Massachusetts.

2. The Defendant, the Plymouth County Sheriff's Department, is an independent body politic, established under the laws of the Commonwealth of Massachusetts, having a usual place of business in Plymouth, Plymouth County, Commonwealth of Massachusetts.

### FACTUAL ALLEGATIONS

3. The Plaintiff was employed by the Defendant as a registered nurse.

4. During her employment, the Plaintiff was assigned to the Defendant's Medical Unit, where she was supervised by one John Smith ("Smith").

5. During the course of DiPietro's employment, on an almost daily basis, Smith subjected DiPietro to a sexually hostile work environment, by subjecting her to an

1

unwelcome and pervasive course of verbal and physical conduct of a sexually offensive nature.

6. In this regard, Smith's conduct included but was not limited to constantly making sexual comments and gestures during the work day in the presence of DiPietro, including but not limited to making overt comments about his wife, also an employee, and by making sexual gestures toward his wife, including pretending to grab her buttocks and breasts, and making physical motions toward her to feign that they were engaging in sexual intercourse.

7. One Henry Hewitt ("Hewitt") was also assigned to the medical unit, where he worked as a medical officer.

8. During the course of his employment, and in the presence of Smith and other employees, Hewitt also engaged in making sexually offensive comments and remarks, which Smith condoned.

9. As part of the ongoing and continuous pattern of sexual harassment described above, on or about November 1, 2002, Hewitt, Smith, DiPietro and other employees were present at a meeting of the medical department staff.

10. DiPietro was seated near Hewitt.

11. During the course of this meeting, Hewitt grabbed DiPietro by the head, and thrust her head toward his pelvis, and said, "Suck it!"

12. Upon information and belief, Smith either observed or was otherwise aware of what had transpired, but did not rebuke Hewitt immediately after the incident occurred, or any time thereafter.

13. The following day, DiPietro reported Hewitt's sexual assault to Smith, who upon hearing it described, laughed at DiPietro and indicated that he did not consider it inappropriate, and that Hewitt would not be punished.

14. The sexually offensive conduct described in the foregoing paragraphs caused DiPietro to suffer severe emotional distress, and forced her separation of employment from the Defendant.

## JURISDICTION

15. The Plaintiff has satisfied all prerequisites to suit under G.L. c. 151B and Title VII, 42 U.S.C. § 2000e.

16. This Court has jurisdiction over this case pursuant to 29 U.S.C. § 1331, federal question.

## COUNT I –TITLE VII– SEXUAL HARASSMENT

17. By the acts described above, and by the actions of its agents, the Defendant subjected the Plaintiff on an ongoing and continuous basis to a sexually hostile work environment, and the foregoing conduct has created a sexually hostile work environment that a reasonable woman would not tolerate.

18. The Defendant created a sexually hostile workplace by, *inter alia*, the acts of Smith, Howard, and other employees in making pervasive unwelcome comments of a sexual nature toward the Plaintiff and in her presence; by the fact that the Defendant was aware of the sexual harassment the Plaintiff was enduring but allowed, condoned, and failed to adequately address it; and by the Defendant's condonation of sexually hostile treatment by male employees toward female employees in general.

19. The Defendant's conduct adversely affected the Plaintiff generally and in the terms and conditions of her employment, and would have adversely affected any reasonable woman.

20. By creating, condoning, and perpetuating a sexually hostile work environment, the Defendant has intentionally and with reckless indifference and disregard violated Title VII, 42 U.S.C. § 2000e.

21. As a result of the acts complained of herein, the Plaintiff has suffered harm, injury, and damages.

## COUNT II
## SEXUAL HARASSMENT-G.L. C. 151B

22. Plaintiff incorporates by reference all paragraphs stated herein.

23. By the foregoing acts, in the manner described above, the Defendant has violated G.L. c. 151B.

24. As a result of the acts complained of herein, the Plaintiff has suffered harm, injury, and damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that the Court enter a judgment:

(a) Awarding her back pay, front pay, damages for emotional distress, compensatory, and punitive damages, costs and attorney's fees, as provided by Title VII, 42 U.S.C. § 2000e and G.L. c. 151B;

(b) enjoining and permanently restraining the Defendant's violation of 42 U.S.C. § 2000e and G.L. c. 151B;

(c) directing the Defendants to take such affirmative steps as are necessary to ensure that the effects of these unlawful employment practices are eliminated;

(d) granting such other and further relief as this Court deems necessary and proper.

## JURY DEMAND

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.

Respectfully submitted,

THE PLAINTIFF

By her attorney,

_____
Daniel W. Rice
GLYNN, LANDRY,
HARRINGTON & RICE, LLP
10 Forbes Road
Braintree, MA 02184
BBO # 559269
(781) 849-8479

Dated: May 1, 2005

5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**DIPIETRO V. PLYMOUTH COUNTY SHERIFF'S DEPT.**

1. Title of case (name of first party on each side only)

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐    NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐    NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒    NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  **Daniel W. Rice, Glynn, Landry, Harrington & Rice, LLP**
ADDRESS  **10 Forbes Road, Braintree, MA 02184**
TELEPHONE NO.  **(781) 849-8479**

(Coversheetlocal.wpd - 10/17/02)

○JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained here in neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DIPIETRO

**DEFENDANTS**
PLYMOUTH COUNTY SHERIFF'S DEPT.

(b) County of Residence of First Listed Plaintiff: **PLYMOUTH**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **PLYMOUTH**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

DANIEL W. RICE; GLYNN, LANDRY, HARRINGTON & RICE, LLP;
10 FORBES ROAD; BRAINTREE, MA 02184; (781) 356-1399

Attorneys (If Known)

*Stamp: 05-11074 NG*

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- 1 U.S. Government Plaintiff
- X 3 Federal Question (U.S. Government Not a Party)
- 2 U.S. Government Defendant
- 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury - Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury - Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | PROPERTY RIGHTS | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | PERSONAL PROPERTY | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 371 Truth in Lending | 690 Other | | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability | | | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | | 730 Labor/Mgmt Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 740 Railway Labor Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence | 790 Other Labor Litigation | 865 RSI (405(g)) | 892 Economic Stabilization Act |
| 220 Foreclosure | 442 Employment | Habeas Corpus: | 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations | 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 894 Energy Allocation Act |
| 240 Torts to Land | 444 Welfare | 535 Death Penalty | | 871 IRS—Third Party 26 USC 7609 | 895 Freedom of Information Act |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 540 Mandamus & Other | | | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | 550 Civil Rights | | | 950 Constitutionality of State Statutes |
| | 440 Other Civil Rights | 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- X 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from another district (specify)
- 6 Multidistrict Litigation
- 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. SEC. 2000e (Title VII)

Brief description of cause: Sexual Harassment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 1,000,000
CHECK YES only if demanded in complaint:
JURY DEMAND: X Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE ___  DOCKET NUMBER ___

DATE: MAY 1, 2005
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # ___   AMOUNT ___   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___