UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROL DIPIETRO,<br>              Plaintiff<br><br>v.<br><br><br>PLYMOUTH COUNTY<br>SHERIFF'S DEPARTMENT,<br>              Defendant | #05-11074-NG |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

*NOW COMES* the Defendant, Plymouth County Sheriff's Department, and answers the Plaintiff's Complaint as follows:

#### PARTIES

1. The Defendant admits the allegations contained in Paragraph #1 of the Plaintiff's Complaint.

2. The Defendant admits the allegations contained in Paragraph #2 of the Plaintiff's Complaint.

#### FACTUAL ALLEGATIONS

3. The Defendant admits the allegations contained in Paragraph #3 of the Plaintiff's Complaint.

4. The Defendant admits the allegations contained in Paragraph #4 of the Plaintiff's Complaint.

5.  The Defendant denies the allegations contained in Paragraph #5 of the Plaintiff's Complaint.

6.  The Defendant denies the allegations contained in Paragraph #6 of the Plaintiff's Complaint.

7.  The Defendant admits the allegations contained in Paragraph #7 of the Plaintiff's Complaint.

8.  The Defendant denies the allegations contained in Paragraph #8 of the Plaintiff's Complaint.

9.  The Defendant admits the allegations contained in Paragraph #9 as to a meeting was held on November 1, 2002 in the medical department. Defendant is unaware of the reasons why the meeting was held.

10. The Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph #10 of the Plaintiff's Complaint.

11. The Defendant denies the allegations contained in Paragraph #11 of the Plaintiff's Complaint.

12. The Defendant denies the allegations contained in Paragraph #12 of the Plaintiff's Complaint.

13. The Defendant denies the allegations contained in Paragraph #13 of the Plaintiff's Complaint.

14. The Defendant denies the allegation contained in Paragraph #14 of the Plaintiff's Complaint.

**JURISDICTION**

15. The Defendant denies the allegations contained in Paragraph #15 of the Plaintiff's Complaint.

16. The Defendant admits the allegations contained in Paragraph #16 of the Plaintiff's Complaint.

### COUNT I – TITLE VII – SEXUAL HARASSMENT

17. The Defendant denies the allegations contained in Paragraph #17 of the Plaintiff's Complaint.

18. The Defendant denies the allegations contained in Paragraph #18 of the Plaintiff's Complaint.

19. The Defendant denies the allegations contained in Paragraph #19 of the Plaintiff's Complaint.

20. The Defendant denies the allegations contained in Paragraph #20 of the Plaintiff's Complaint.

21. The Defendant denies the allegations contained in Paragraph #21 of the Plaintiff's Complaint.

### COUNT II.

### SEXUAL HARASSMENT – G.L. C. 151B

22. The Defendant realleges and reincorporates answers to Paragraphs 1 through 21 above.

23. The Defendant denies the allegations contained in Paragraph #23 of the Plaintiff's Complaint.

24. The Defendant denies the allegations contained in Paragraph #24 of the Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's recovery is barred or subject to diminution pursuant to comparative negligence principles as set forth in G.L. c. 231, sec. 85.

### THIRD DEFENSE

Plaintiff's claim is barred by failure to comply with the notice presentment provisions of G.L. c. 258, sec. 4.

### FOURTH DEFENSE

Any injury or damages suffered by the plaintiff, to the extent actually incurred, were caused by reason of the plaintiff's own wrongful acts, reckless misconduct or negligence.

### FIFTH DEFENSE

The defendant is immune from liability pursuant to G.L. c. 258, sec. 10.

### SIXTH DEFENSE

The defendant says that this action consists of a claim based upon the performance or failure to perform a discretionary function or duty on the part of a public employer or public employee acting within the scope of office or employment, and, therefore, the plaintiff cannot recover in this action.

### SEVENTH DEFENSE

The defendant's actions, to the extent they occurred as alleged, are immune from suit as they were discretionary functions.

### EIGHTH DEFENSE

The plaintiff is barred by G.L. c. 258, sec. 4 from bringing such a claim.

### NINTH DEFENSE

The Plaintiff failed to exhaust all administrative remedies pursuant to M.G.L.A., c. 127 § 38F.

### TENTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

DEFENDANT CLAIMS A TRIAL BY JURY ON ALL COUNTS.

Respectfully submitted
Defendant, Plymouth County Sheriff's Dept.
By its attorney:

*Isabel Eonas*
Isabel Eonas, Deputy General Counsel
Plymouth County Sheriff's Dept.
24 Long Pond Road
Plymouth, MA 02360
508-830-6287
BBO #639870

DATED:   June 21, 2005

### CERTIFICATE OF SERVICE

I, Isabel Eonas, certify that on this 21st day of June, 2005 I served the within Defendant's Answer to Plaintiff's Complaint upon Plaintiff by mailing, postage prepaid to:

Attorney Daniel W. Rice
Glynn, Landry, Harrington & Rice, LLP
10 Forbes Road
Braintree, MA 02184

Signed under the pains and penalties of perjury.

*Isabel Eonas*
Isabel Eonas, Deputy General Counsel